UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CAPE REGIONAL MEDICAL CENTER : Hon. Joseph H. Rodriguez
on assignments of 52 individual patients,

    Plaintiffs, : Civil Action No. 17-5284

  v. : OPINION

CIGNA HEALTH AND LIFE INS. CO., :

    Defendant. :

This matter has come before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court has considered the submissions of the parties and decides this motion on the papers pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated here, Defendant's motion [Doc. 12] will be granted.

## Background

Plaintiff Cape Regional Medical Center, as assignee, seeks reimbursement of approximately $357,416.47 of allegedly underpaid benefits from Defendant Cigna Health and Life Insurance Company for emergency medical services provided to 52 individual patients who were beneficiaries of Defendant's health benefits plan governed by ERISA.[1]

---

[1] Plaintiff has stipulated to dismissal with prejudice of Counts Two (Breach

1

Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss "for failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. Fowler v. UFMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). The Court "must accept all of the complaint's well-pleaded facts as true," Fowler, 578

---

of Contract) and Four (Breach of Fiduciary Duty). As such, the claims at issue in this motion are Counts One (Failure to Comply with Emergency Service Cost Sharing Requirement of N.J.A.C. 11:4-37) and Three (Failure to Make All Payments Pursuant to Member's Plan under 29 U.S.C. §1132(a)(1)(B)).

F.3d at 210, "and then determine whether they plausibly give rise to an entitlement for relief." Connelly, 809 F.3d at 787 (citations omitted). Restatements of the elements of a claim, however, are legal conclusions and, therefore, not entitled to a presumption of truth. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011).

Discussion

Count One, alleging a violation under N.J. Admin. Code § 11:4-37, is preempted by ERISA because it is a claim for benefits allegedly due under section 502(a)(1)(B) of the federal statute. Congress enacted ERISA to create "a uniform regulatory regime over employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004); see New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey, 760 F.3d 297, 303 (3d Cir. 2014) ("Congress enacted ERISA to ensure that benefit plan administration was subject to a single set of regulations and to avoid subjecting regulated entities to conflicting sources of substantive law."). To determine whether a state law claim is completely preempted under Section 502(a), a court must determine that (1) the plaintiff could have brought the action under Section 502(a) of ERISA and (2) no independent legal duty supports the plaintiff's claim. Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004); see

also Davila, 542 U.S. at 210 (holding that state law claim is completely preempted when action could have been brought under Section 502(a)(1)(B) and no other legal duty independent of ERISA exists).

A claim may be brought under Section 502(a) of ERISA by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. 1132(a); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987). In determining whether a plaintiff's state law claims "are predicated on a legal duty that is independent of ERISA," Pascack Valley, 388 F.3d at 393, a court "must examine whether interpretation or application of the terms and scope of the ERISA insurance plan form an 'essential part' of Plaintiff's claims." North Jersey Brain & Spine Ctr. v. Conn. Gen. Life Ins. Co., No. 10-4260, 2011 WL 4737067, at *6 (D.N.J. June 30, 2011). Thus, this prong often turns on whether a plaintiff's claims are "inextricably intertwined with the interpretation and application of ERISA plan coverage and benefits." Id. at *7.

In this case, Plaintiff claims that it received valid assignments and has brought ERISA claims pursuant to the assignments. Therefore, Plaintiff's claim could be brought pursuant to Section 502(a). Indeed, whether

4

Plaintiff has a right to recover depends entirely on interpretation of terms and provisions of the ERISA plan. There is no independent basis for Plaintiff's claim for benefits. "[C]ourts routinely preempt state common law claims like the one[] raised here that involve denial of benefits under an ERISA-governed plan." Advanced Orthopedics & Sports Medicine Institute v. Empire Blue Cross Blue Shield, Civ. No. 17-8697, 2018 WL 2758221, *7 (D.N.J. June 7, 2018). See also Cohen v. Horizon Blue Cross Blue Shield of New Jersey, Civ. No. 15-4525, 2017 WL 685101, *6-7 (D.N.J. Feb. 21, 2017) (finding claim of violation of New Jersey emergency services regulation at N.J. Admin. Code § 11:24-5.3 completely preempted). Accordingly, Count One is preempted by ERISA and must be dismissed.

Even if Count One was not preempted by ERISA, it still must be dismissed because N.J. Admin. Code. § 11:4-37.3 does not provide a private right of action. See R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 773 A.2d 1132, 1144 (N.J. 2001) ("New Jersey courts have generally declined to infer a private right of action in statutes where the statutory scheme contains civil penalty provisions.").

> To determine if a statute confers an implied private right of action, courts consider whether: (1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the

5

> underlying purpose of the legislative scheme to infer the existence of such a remedy.

Id. at 1143. "The Court considers the same factors to determine if an administrative regulation confers an implied private right of action." N.J. Thoroughbred Horsemen's Ass'n v. Alpen House U.L.C., 942 F. Supp. 2d 497, 504 (D.N.J. 2013) (citing Jalowiecki v. Leuc, 440 A.2d 21, 25-26 (N.J. Super. Ct. App. Div. 1981)). There is no indication that the New Jersey Legislature intended to create a private right of action under § 11:4-37.3. See N.J. Thoroughbred Horsemen's, 942 F. Supp. 2d at 504-05; R.J. Gaydos Ins. Agency, Inc., 773 A.2d at 1148 ("refusing to recognize implied private cause of action against insurance company in light of comprehensive regulation of insurance industry"). Rather, New Jersey's Commissioner of Insurance possesses the exclusive power to enforce the regulation and impose penalties in the case of violations. Therefore, Count One will be dismissed.

Next, Count Three seeking ERISA plan benefits will be dismissed because it fails to satisfy fundamental pleading requirements. Specifically, the Complaint does not identify facts such as the dates upon which services were rendered for each patient, the nature of the services provided to each patient, the amounts charged to each patient, the terms of the assignments

of benefits, the specific plans or policies that are controlling, or the provisions of plans that Defendant allegedly violated.

The bald allegation that Plaintiff, as an out-of-network provider, was not paid the entirety of what it was owed is insufficient to survive a motion to dismiss. See Re: Complete Foot & Ankle v. CIGNA Health & Life Ins. Co., Civ. No. 17-13742, 2018 WL 2234653, *2 (D.N.J. May 16, 2018) (under same facts, finding Complaint that contained little more than an assertion that plaintiff was owed more than it was paid for the services it provided insufficient under Fed. R. Civ. P. 8 and dismissing plaintiff's argument that motion to dismiss should be denied because defendant failed to produce the relevant plan documents because "Plaintiff, as an alleged assignee, steps into the beneficiaries' shoes, who at all times had access to the Plans."); LeMoine v. Empire Blue Cross Blue Shield, Civ. No. 16-6786, 2018 WL 1773498, at *6 (D.N.J. Apr. 12, 2018) (granting motion to dismiss, finding plaintiff "fail[ed] to plausibly plead which portions of [benefit plans] have been violated); Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co., Civ. No. 17-4600, 2018 WL 1420496, at *10-11 (D.N.J. Mar. 22, 2018) (dismissing claim where plaintiff's "threadbare allegations" did not point "to any provision of a . . . benefit plan suggesting" an entitlement to payment).

Plaintiff's failure to identify the specific plans or policies that are controlling is also problematic in that Defendant cannot determine whether its relevant policies contained anti-assignment clauses. See <u>American Orthopedic & Sports Medicine v. Independence Blue Cross Blue Shield</u>, 890 F.3d 445 (3d Cir. 2018) (holding that anti-assignment clauses in ERISA-governed health insurance plans are enforceable).

In short, Plaintiff has not pled a sufficient factual basis that would allow the Court to infer that the Defendant is liable for a plausible claim of wrongful denial of benefits under section 502(a)(1)(B) of ERISA, which requires a plaintiff to demonstrate entitlement to "benefits due to him *under the terms of his plan*." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Accordingly, Count Three will be dismissed.

## Conclusion

For these reasons, Defendant's Motion to Dismiss the Complaint will be granted. An Order will accompany this Opinion.

Dated: June 14, 2018            /s/ Joseph H. Rodriguez
                                JOSEPH H. RODRIGUEZ
                                U.S.D.J.